**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 06 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MARLA CONSUELO FIELDS, | No. 12-74240 |
| Petitioner, | Agency No. A042-926-314 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 4, 2016[**]
Pasadena, California

Before: M. SMITH, WATFORD, and FRIEDLAND, Circuit Judges.

Marla Consuelo Fields, a native and citizen of the Philippines, petitions for review of a decision of the Board of Immigration Appeals (BIA) finding her removable as an aggravated felon. We deny her petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

The IJ and the BIA determined that Fields' conviction for submitting a fraudulent claim under California Penal Code § 550(a)(1) resulted in loss to the victim in excess of $10,000. *See* 8 U.S.C. § 1101(a)(43)(M)(i); *Nijhawan v. Holder*, 557 U.S. 29, 42 (2009). The record provides clear and convincing evidence supporting that determination. The California court ordered Fields to pay $85,256.97 in restitution to the victim of her fraud. The order was issued pursuant to California Penal Code § 1202.4(f), which requires convicted defendants to "make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim." That provision is intended "to 'restore the economic status quo' by returning to the victim 'funds in which he or she has an ownership interest' following a criminal conviction." *People v. Busser*, 113 Cal. Rptr. 3d 536, 541 (Cal. Ct. App. 2010) (quoting *People v. Giordano*, 170 P.3d 623, 632 (Cal. 2007)). In addition, the probation officer's report clearly linked the $85,256.97 to the loss Fields' victim suffered as a result of the conduct charged in Count 1, which is one of the two counts of conviction. Finally, unlike in *Chang v. INS*, 307 F.3d 1185 (9th Cir. 2002), on which Fields relies, Fields has presented no evidence contradicting the BIA's conclusion. The BIA thus did not err in determining that Fields is removable under 8 U.S.C. § 1227(a)(2)(A)(iii).

**PETITION DENIED.**